UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARKELL S. JONES,<br><br>                Petitioner,<br>    v.<br>RENEE BAKER, *et al.*,<br><br>                Respondents. | Case No. 3:17-cv-00371-MMD-VPC<br><br>ORDER |

The Court has reviewed the petition for a writ of habeas corpus before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner needs to show cause why the Court should not dismiss this action as untimely.

A petition for writ of habeas corpus is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Such limitation period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 149-150 (2012); *see also* Nev. R. App. P. 4(b), 26(a). Any time spent pursuing

a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). However, an untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The court can raise the issue of timeliness on its own motion. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook,* 260 F.3d 1039, 1043 (9th Cir. 2001).

Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). Actual innocence can excuse operation of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624.

Here, in the state district court, petitioner agreed to plead guilty to Count 4 (conspiracy to commit robbery) and Count 5 (robbery with the use of a deadly weapon). The sentence for Count 4 was a minimum term of 28 months and a maximum term of 72 months. The sentence for Count 5 was a minimum term of 72 months and a maximum term of 180 months for the robbery, plus a consecutive minimum term of 72 months and maximum term of 180 months for the use of a deadly weapon. The state district court entered the judgment of conviction on June 4, 2007. (ECF No. 1-1 at 20.) Petitioner did

not appeal. On July 5, 2007, the judgment of conviction became final, because the deadline to appeal otherwise would have occurred on Independence Day.

On November 23, 2015, petitioner filed a post-conviction habeas corpus petition in the state district court. The state district court determined that the petition was untimely under NRS § 34.726(1) and barred by laches under NRS § 34.800. (ECF No. 1-1 at 10-15.) Petitioner appealed. On April 19, 2017, the Nevada Court of Appeals affirmed the decision. (ECF No. 1-1 at 17-18.)

Petitioner mailed his federal habeas corpus petition to this Court on June 6, 2017. He alleges that his sentence for the primary offense in Count 5 (plus the concurrent sentence for Count 4) has expired. He claims that he is being held illegally because the deadly-weapon statute does not create a separate offense with a separate punishment. *See* NRS § 193.165(3).

The facts alleged in the petition present a question when the one-year period of § 2244(d)(1) started. Petitioner alleges that he was paroled from the primary offense in Count 5 on August 14, 2012, and that the sentence for the primary offense in Count 5 expired on June 30, 2014. (ECF No. 1-1 at 3.) Petitioner also alleges that he did not present this ground on direct appeal from the judgment of conviction because it was not available at the time. (ECF No. 1-1 at 4.) From these allegations, the Court could construe an argument by petitioner that under 28 U.S.C. § 2244(d)(1)(D) the one-year period should have started on July 1, 2014, when petitioner started serving his consecutive sentence in Count 5 for the use of a deadly weapon. The Court would not be persuaded by such an argument. Petitioner did not learn that he would be serving that consecutive sentence only as late as when he started to serve it. Petitioner learned or could have learned that he would be serving that consecutive sentence no later than when the state district court entered the judgment on conviction on June 4, 2007. Consequently, the one-year period started when petitioner's judgment of conviction became final, on July 5, 2007. The one-year period of 28 U.S.C. § 2244(d)(1)(A) expired on July 7, 2008, because the deadline otherwise would have occurred on a Saturday.

Petitioner's state post-conviction habeas corpus petition, filed on November 23, 2015, did not toll the one-year period under § 2244(d)(2) for two reasons. First, the one-year period already had expired. A state post-conviction petition does not toll § 2244(d)(1)'s period of limitations when the period has already expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Second, the state courts determined that the petition was untimely. An untimely state petition is not "properly filed" within the meaning of § 2244(d)(2), and thus it is ineligible for tolling. *Pace*, 544 U.S. at 417.[1]

It is therefore ordered that the Clerk of the Court file the petition for a writ of habeas corpus.

It is further ordered that petitioner will have thirty (30) days from the date of entry of this order to show cause why the Court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of the action.

DATED THIS 17th day of October 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Even if the Court held that the one-year period started on July 1, 2014, the day after petitioner's sentence for the primary offense in Count 5 expired, the result would be the same. That one-year period would have expired at the end of June 30, 2015, almost two years before petitioner effectively commenced this action on June 6, 2017. The state habeas corpus petition still would not have tolled this one-year period because it had already expired and because the state petition itself was untimely.