UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARKELL S. JONES,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:17-cv-00371-MMD-VPC

ORDER

The court directed Petitioner to show cause why the Court should not dismiss this action as untimely. Petitioner has filed a Motion to Show Cause (ECF No. 8). Petitioner does not persuade the Court, and the Court will dismiss the action as untimely.

Petitioner's argument is that he should receive equitable tolling because the prisons' law libraries require an exact citation to retrieve a document. It was not until 2015, Petitioner argues, that he met another inmate who informed him that he was being held in prison for something that is not a crime. The records available to Petitioner do not support Petitioner's contention.

"[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)). Here, Petitioner has not demonstrated entitlement to equitable tolling.

Petitioner's claim is based upon an interpretation of NRS § 193.165(3), which he quotes in the petition. Petitioner attached to the petition a copy of the judgment of

conviction, which in turn cites NRS § 193.165. The judgment of conviction was entered on June 4, 2007. That would be the latest possible date that Petitioner could have learned about Section 193.165. Even if the prisons' law libraries work in the manner that Petitioner argues, he could have obtained a copy of Section 193.165 at any time and started his research.

Petitioner's argument does not address the time that he spent on his untimely state habeas corpus petition. That petition was pending was for more than a year, from November 23, 2015, when he filed the petition, through April 19, 2017, when the Nevada Court of Appeals affirmed the denial of the petition as untimely. Statutory tolling under 28 U.S.C. § 2244(d)(2) was not available because the petition was untimely. *Pace*, 544 U.S. at 417. Petitioner's argument for equitable tolling based upon the exact-citation retrieval system in the prisons' libraries does not apply during the time that the state petition was pending because the very existence of that petition shows that Petitioner was able to litigate, and thus he could have filed a parallel, protective proceeding in this court. *Id.* at 416-17.

In response, Petitioner might argue that he did not know that he had a problem with the timeliness of his state habeas corpus petition, that he did not know he would receive no tolling for the time that the state habeas corpus petition was pending, and thus he should receive equitable tolling for that time. Such an argument would be unpersuasive. Question 19 on the required state petition form asked Petitioner whether he filed the petition more than one year after entry of the judgment of conviction or after the decision on direct appeal.[1] *See* NRS § 34.735. "Application of the statutory procedural default rules to postconviction habeas petitions is mandatory." *State v. Dist. Ct. (Riker)*, 112 P.3d 1070, 1074 (Nev. 2005). Nevada's one-year statute of limitation is not an affirmative defense that the respondents must raise. Rather, in the state habeas corpus petition itself the petitioner has the burden of pleading and proving facts to demonstrate good cause to

---

[1]The relevant part of the question for Petitioner was whether he had filed the petition within one year after entry of the judgment of conviction, because he did not appeal.

excuse the delay. *State v. Haberstroh*, 69 P.3d 676, 681 (Nev. 2003). Petitioner knew no later than the date he filed his state habeas corpus petition, November 23, 2015, that he had a problem with the timeliness of that state petition. He could have filed a parallel, protective federal habeas corpus petition in this court, but he did not. *See Pace*, 544 U.S. at 416-17. Under these circumstances, the court would not find that Petitioner acted with the required diligence for equitable tolling.

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000).

Petitioner pleaded guilty to, and was convicted of, conspiracy to commit robbery (Count 4) and robbery with the use of a deadly weapon (Count 5). The sentence for Count 4 was a minimum term of 28 months and a maximum term of 72 months. The sentence for Count 5 was a minimum term of 72 months and a maximum term of 180 months for the robbery, plus a consecutive minimum term of 72 months and maximum term of 180 months for the use of a deadly weapon. The sentence for Count 4 ran concurrent with the first sentence for Count 5. The first sentence for Count 5 has expired. Petitioner now is serving the deadly-weapon consecutive sentence.

No jurists of reason would find it debatable that the petition states a valid claim of the denial of a constitutional right. Petitioner claims that he is serving a sentence for a non-

3

1 crime. He bases this claim upon a tortured misinterpretation of NRS § 193.165(2), which states: "This section does not create any separate offense but provides an additional penalty for the primary offense, whose imposition is contingent upon the finding of the prescribed fact." After an amendment in 2007, this is now NRS § 193.165(3), but the provision itself has not changed. Petitioner argues that once his sentence for robbery expired, he is now in prison for "use of a deadly weapon," which, as Section 193.165(2) states, is not a separate offense. Petitioner's argument requires the court to read, "This section does not create any separate offense," and stop right there without reading the rest of the sentence. Of course, the rest of the sentence, particularly the clause about providing an additional penalty, is the important part. Petitioner was convicted of robbery with the use of a deadly weapon, for which he received an additional penalty under Section 193.165. That additional penalty does not offend the Constitution. *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). Consequently, Petitioner does not state a valid claim of the denial of a constitutional right.

Reasonable jurists also would not find debatable that the court was correct in its procedural ruling. By the time he was convicted, Petitioner had all the tools he needed to discover his claim, or, more accurately, to discover that he had no claim. Nothing prevented Petitioner from obtaining a copy of NRS § 193.165 years before he actually did.

For these reasons, the Court will not issue a certificate of appealability.

Petitioner's Motion for Appointment of Counsel (ECF No. 7) is moot because the Court is dismissing this action. Furthermore, appointment of counsel is not warranted because Petitioner's claim is clearly without merit.

It is therefore ordered that Petitioner's Motion for Appointment of Counsel (ECF No. 7) is denied.

It is further ordered that Petitioner's Motion to Show Cause (ECF No. 8) is denied.

It is further ordered that this action is dismissed with prejudice because it is untimely. The Clerk of the Court is directed to enter judgment accordingly and close this action.

It is further ordered that a certificate of appealability will not issue.

DATED THIS 23rd day of April 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE